UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AKEEM TURNER BEY, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:18-CV-907-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Akeem Turner Bey, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 18-08-0071) where a Disciplinary Hearing Officer (DHO) found him guilty of battery in violation of Indiana Department of Correction (IDOC) offense B-212. (ECF 1 at 1; ECF 7-5.) As a result, he was sanctioned with a loss of phone and commissary privileges, placement in disciplinary restrictive housing, the loss of 60 days earned credit time, and imposition of a previously suspended demotion in credit class. (*Id.*)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in

the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In grounds one and two of his petition, Turner Bey argues that there is no evidence to support that finding that he is guilty of the charged offense. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Turner Bey as follows:

> On 8-8-18, at approx. 9:54am Offender Turner, Akeem # 171836 ACH 140 (BM) can be seen following Offender Grigsby, Randall #226706 ACH 234 (WM) into ACH 234. At approx. 10:00am Offender A. Turner can be seen exiting ACH 234 with a mattress and taking it to his cell ACH 140. Staff was advised to check on Offender R. Grigsby and found him in ACH 234 with bruises, bite marks, and cuts.

2

(ECF 7-1 at 1.) An incident report indicates that Offender Grigsby was escorted to MSU where he received medical care, and that both offenders were transferred to disciplinary housing for fighting. Turner Bey was subsequently charged and convicted of violating IDOC B-212, which prohibits "[c]omitting a battery upon another person." (ECF 7-10 at 5.) Turner Bey asked to have Offender Grigsby as a witness at his hearing (ECF 7-3), but Grigsby refused to provide a statement (ECF 7-7.)

The DHO had sufficient evidence to find Turner Bey guilty of this offense. Both the Conduct Report and the Incident Report contained sufficient information to find Turner Bey guilty. It was not arbitrary for the DHO to conclude that Turner Bey committed a battery on Offender Grigsby when video evidence shows that he entered Offender Grigsby's cell, left only a few minutes later carrying a mattress, and correctional staff immediately checked on Offender Grigsby and found him to have injuries sufficiently serious to require medical attention. While Turner Bey denies that he committed a battery, the DHO was not required to credit his version of events. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Furthermore, while Turner Bey argues that circumstantial evidence alone is insufficient to support a guilty finding, he is mistaken. *See Brenneman v. Knight*, 297 F. App'x 534, 536 (7th Cir. 2008) (finding prisoner guilty based on circumstantial evidence). Therefore, the court concludes that the DHO's finding that Turner Bey was guilty was neither arbitrary nor unreasonable in light of these facts.

Turner Bey also claims his due process rights were violated because he was denied an impartial hearing officer. But, Turner Bey asserts only that the DHO was impartial because he found him guilty without any evidence to support that finding. The court has already found that there was some evidence to support the finding of guilt. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*. Turner Bey has not demonstrated that the DHO was directly or otherwise substantially involved in the factual events underlying the disciplinary charges or the investigation of the incident. *Id.* Because he has not rebutted the presumption that the DHO was acting with honesty and integrity, the court finds that this ground does not identify a basis for habeas corpus relief.

If Turner Bey wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

4

For these reasons, Akeem Turner Bey's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED on June 27, 2019

        /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT